UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SANDY NISSOU-RABBAN, an individual,

Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.; NORDSTROM, INC.; and EQUIFAX INFORMATION SERVICES LLC,

Defendants.

Civil No. 15-cv-1673-JAH (RBB)

ORDER GRANTING DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION TO DISMISS (DOC. # 27)

## INTRODUCTION

Presently before the Court is Defendant Capital One Bank (USA), N.A.'s ("Capital One") Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 27). The motion has been fully briefed by the parties. For the reasons set forth below, Capital One's motion to dismiss is GRANTED.

## BACKGROUND

In this suit, Plaintiff Sandy Nissou-Rabban ("Plaintiff") seeks redress under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 *et seq.* for Capital One's alleged inaccurate reporting of debt that was discharged in bankruptcy and failure to investigate after Plaintiff disputed information on her credit report.

A. Factual History

On November 24, 2014, Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of California. (Doc. # 19, ¶ 22.) Capital One was included as a creditor in Plaintiff's bankruptcy proceedings. Id. ¶¶ 24–26. On February 24, 2015, the bankruptcy court granted Plaintiff's petition and discharged, in relevant part, her debt to Capital One. Id. ¶¶ 26, 27, 30. Capital One received notice of the discharge on approximately February 25, 2014. Id. ¶ 26.

On April 13, 2015, Plaintiff received a copy of her credit report from Equifax Information Services LLC, a credit reporting agency ("CRA"). Id. ¶¶ 43, 71. The report indicated that Capital One reported to Equifax that amounts owed on two accounts Plaintiff held with Capital One had been "charged off."[1] Id. Specifically, with respect to Plaintiff's Capital One account ending in 830*, the credit report stated:

- Status – Charge Off
- Charge Off Amount: $8,435
- Additional Information – Charged Off Account

Id. ¶ 43. As to Plaintiff's second Capital One account ending in 490*, the report stated:

- Status – Charge Off
- Charge Off Amount: $332
- Additional Information – Charged Off Account.

Id. ¶ 71.

In May, 2015, Plaintiff sent written notice to Equifax disputing the accuracy of the information reported about her Capital One accounts. Id. ¶¶ 55, 83. Plaintiff asserted in the letter that her credit report should not include any activity on those accounts that occurred on or after November 24, 2014, the day she filed her bankruptcy petition. Id. ¶¶ 57, 85. Plaintiff also contended that her credit report should state that her Capital One accounts were current and had a $0 balance. Id. In response, Equifax notified Capital One

[1] The term "charge off" indicates that the creditor has treated the account receivable as "bad debt" or "a loss or expense because payment is unlikely." Montgomery v. Wells Fargo Bank, No. C12–3895 TEH, 2012 WL 5497950, at *3 (N.D. Cal. Nov. 13, 2012).

that Plaintiff disputed the accuracy of the reported status of her accounts. Id. ¶¶ 58, 60, 86, 88.

Plaintiff alleges that Capital One failed to reasonably investigate the disputed account information and review all relevant information as required by statute. Id. ¶¶ 62–64, 90–92. Therefore, Capital One continued to report that her accounts had been "charged off," instead of correcting the report to state that her accounts were current. Id. ¶¶ 61, 89. As a result, Plaintiff initiated the instant action alleging, in pertinent part, that Capital One had illegally and inaccurately reported derogatory collection information on Plaintiff's credit report after she filed her bankruptcy petition on November 24, 2014, and had failed to reasonably investigate and fix the disputed information. Id. at ¶ 31, 44, 72.

B. Procedural History

Plaintiff initiated this lawsuit against defendants Capital One, Nordstrom, Inc., and Equifax Information Services LLC (collectively "Defendants") on July 28, 2015. (See Doc. # 1). On October 23, 2015, Plaintiff filed the operative First Amended Complaint ("FAC") alleging that Defendants violated the FCRA and CCRAA. (See Doc. # 19).

On November 20, 2015, Capital One filed its Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Doc. # 27). In December, 2015, upon the parties' joint motions, Plaintiff's claims against defendants Nordstrom, Inc. and Equifax Information Services LLC were dismissed with prejudice. (See Docs. # 35, 36). On January 11, 2016, Plaintiff filed an opposition brief to Capital One's motion to dismiss. (See Doc. # 37). Capital One filed a reply brief on January 15, 2016. (See Doc. # 38). On January 19, 2016, this Court took Capital One's motion under submission pursuant to Civil Local Rule 7.1.d.1. (See Doc. # 39).

LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss for failure to state a claim for relief. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). Under

Rule 8(a)(2) of the Federal Rules of Civil Procedure, the plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the reviewing court must assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

When ruling on a motion to dismiss, the court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend

unless it determines that the pleading could not possibly be cured by the allegation of other facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### A. FCRA Claims

Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). To ensure that credit reports are accurate, the FCRA imposes certain duties on furnishers that provide credit information to CRAs. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009). Section 1681s–2(a) of the FCRA bars furnishers from reporting information they know or have reason to believe is inaccurate. 15 U.S.C. § 1681s–2(a)(1)(A). There is no private right of action to enforce § 1681s–2(a). Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059–60 (9th Cir. 2002).

However, there is a private right of action to enforce § 1681s–2(b), which is the statute that Plaintiff alleges Capital One violated. See 15 U.S.C. §§ 1681n, 1681o. Section 1681s–2(b) requires furnishers who receive notice that a consumer disputes information on a credit report to: (1) conduct an investigation, (2) review all relevant information provided by the CRA, (3) report the results of the investigation to the CRA, (4) report those results to all other CRAs to which the person furnished information if the disputed information is found to be incomplete or inaccurate, and (5) modify, delete, or permanently block reporting of that item when reporting to a CRA if the disputed information is found to be inaccurate, incomplete, or unverifiable after reinvestigation. Id. § 1681s–2(b). "These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Gorman, 584 F.3d at 1154. Further, "[a] furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute . . . . It is the failure to report a bona fide dispute, a

dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b)." Id. at 1163.

Capital One moves to dismiss Plaintiff's FCRA claims, arguing that Plaintiff failed to allege both that the Capital One account information on her credit report was inaccurate and that Capital One did not adequately investigate the disputed information. These arguments are discussed in turn.

1. Plaintiff Failed to Allege Essential Dates to Support Her FCRA Claims

First, Capital One argues that Plaintiff's only private right of action under the FCRA is for violation of 15 U.S.C. § 1681s–2(b). (Doc. # 27-1, pg. 9). Capital One next asserts that, in order to state a viable claim under § 1681s–2(b), Plaintiff must allege facts showing that Capital One reported *inaccurate* information. Id. at 10. Capital One argues that Plaintiff failed to allege sufficient facts to meet this showing because it is not inaccurate or incomplete to report account delinquencies while an account holder's bankruptcy proceedings are ongoing. Id. at 11–13.

In response, Plaintiff reiterates the allegations set forth in her FAC and argues that these allegations sufficiently establish her FCRA claims. (See Doc. # 37, pg. 2). Plaintiff appears to argue that she sufficiently alleged that the reported account information was inaccurate by contending that Capital One reported the information *after* she filed her bankruptcy petition. Id. Plaintiff asserts that alleging that a creditor reported an account as charged off after the account holder filed for bankruptcy is sufficient to plead that the creditor reported inaccurate information. Id. at 3–4 (citing Montgomery v. Wells Fargo Bank, No. C12–3895 TEH, 2012 WL 5497950 (N.D. Cal. Nov. 13, 2012)).

In reply, Capital One argues that Plaintiff still fails to allege that the reported information is inaccurate. (Doc. # 38, pg. 3). Again, Capital One contends that it is permissible—and not inaccurate—for a furnisher to report factually true information about the status of a delinquent account during the pendency of a bankruptcy action involving that account. Id. at 3–4 (citing Mortimer v. JP Morgan Chase, Nat'l Assoc., No. C 12–1936 CW, 2012 WL 3155563 (N.D. Cal. Aug. 2, 2012)). Next, Capital One contends that

Montgomery is inapposite because it involved a creditor that reported a charged off account *after discharge*, whereas the instant case involves reporting after the filing of a bankruptcy petition. (Doc. # 38, pg. 5). Further, Capital One asserts that Plaintiff has offered no authority stating that the date a person files a bankruptcy petition is the last date that a creditor can report negative information regarding that person's account. Id. at 4–5.

Here, Plaintiff did not adequately plead facts, especially dates, to sufficiently allege her FCRA claims against Capital One. As Capital One notes, Plaintiff must assert that the reported information was incomplete or inaccurate to adequately allege her FCRA claim. Mortimer, 2012 WL 3155563, at *3 (holding that a § 1681s–2(b) FCRA claim was insufficiently alleged where the plaintiff did not assert that the reported information was incomplete or inaccurate and dismissing claim); Iyigun v. Calvary Portfolio Servs., LLC, No. CV–12–8682–MWF (JEMx), 2013 WL 950947, at *1 (C.D. Cal. Mar. 12, 2013) (holding that the plaintiff's FCRA claims failed where the plaintiff did not plead in the complaint that the reported information was inaccurate). Because Plaintiff argues the reported information was inaccurate based on *when* it was reported, Plaintiff must allege sufficient facts, including dates, demonstrating that the reported information was, in fact, inaccurate. Harrold v. Experian Info. Solutions, Inc., No. C 12–2987 WHA, 2012 WL 4097708, at *4 (N.D. Cal. Sept. 17, 2012) (dismissing FCRA claims as insufficiently alleged where the plaintiff's complaint failed to provide specific dates, including when the furnisher reported the delinquency and when the payments were missed). Pleading specific dates in the FAC is especially crucial to sufficiently assert these claims because a furnisher that reports payment delinquencies during the pendency of bankruptcy proceedings does not report incomplete or inaccurate information. Harrold, 2012 WL 4097708, at *4 (internal citation omitted) (stating that "reports of delinquencies in payment while bankruptcy proceeding are still ongoing is not 'incomplete or inaccurate' information"); accord Mortimer, 2012 WL 3155563, at *3.

Plaintiff did not plead in her FAC the essential dates necessary to sufficiently allege her FCRA claims against Capital One. For example, Plaintiff never provided the date that

Capital One allegedly reported that Plaintiff's accounts had been charged off, never alleged whether this reporting occurred during the pendency of her bankruptcy proceedings or after the date of discharge, and did not explain to which billing period the charged off balance corresponds. Instead, Plaintiff offered only vague allegations that Capital One "reported derogatory information . . . after November 24, 2014," the date Plaintiff filed her bankruptcy petition. (Doc. # 19 ¶¶ 44, 72). However, these allegations are insufficient to demonstrate that the reported information was inaccurate. Mortimer, 2012 WL 3155563, at *3; Harrold, 2012 WL 4097708, at *4. By omitting these essential dates and relying upon vague and conclusory allegations, Plaintiff failed to allege sufficient facts to demonstrate that the reported information was inaccurate, which is fatal to her FCRA claims.

Capital One's argument that Plaintiff failed to allege that the reported information was inaccurate or incomplete implies that Capital One reported that Plaintiff's accounts were charged off during the pendency of Plaintiff's bankruptcy proceedings. Because that information is not alleged in the FAC or substantiated elsewhere in the parties' pleadings, the Court declines to infer when Capital One allegedly reported the disputed information. Reasonable inferences from the allegations of the FAC should be drawn in favor of the non-moving party—not in Defendant's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). In any event, such an inference would be based on conjecture and therefore unreasonable. However, Capital One's argument is well-taken because, to the extent that Plaintiff's allegations are based on a report made while Plaintiff's bankruptcy proceedings were ongoing, Plaintiff failed to sufficiently allege that Capital One reported incomplete or inaccurate information.

Additionally, the Court finds unpersuasive the three cases cited by Plaintiff in support of her assertion that she sufficiently pled that the reported information was inaccurate. In Montgomery, the plaintiff alleged that a furnisher reported to a CRA that the plaintiff's debt "was charged off *after* the debt was discharged in bankruptcy." Montgomery v. Wells Fargo Bank, No. C12–3895 TEH, 2012 WL 5497950, at *4 (N.D.

Cal. Nov. 13, 2012). Here, Plaintiff makes no such allegation as to whether the debt was reported charged off before or after discharge. Instead, she alleges only that the debt was reported as charged off after the date she filed her bankruptcy petition. However, as explained herein, it is the bankruptcy discharge date, as opposed to the date a bankruptcy petition is filed, that is the crucial date. Further, the two additional cases to which Plaintiff cites are factually distinguishable and irrelevant. See Groff v. Wells Fargo Home Mortg., Inc., 108 F. Supp. 3d 537, 541–42 (E.D. Mich. 2015) (holding that the defendant-bank did not violate the FCRA by failing to report to a CRA that the plaintiff was making mortgage payments after discharged from bankruptcy); accord Horsch v. Wells Fargo Home Mortg., 94 F.Supp.3d 665, 677 (E.D. Pa. 2015).

2. Plaintiff Failed to Sufficiently Allege that Capital One Did Not Reasonably Investigate the Disputed Information

Capital One further alleges that Plaintiff's FCRA claims should be dismissed because Plaintiff failed to allege sufficient facts demonstrating that Capital One did not reasonably investigate the disputed information. Id. at 14. Instead, Capital One contends that Plaintiff offered only conclusory assertions, so Plaintiff's FCRA claims should be dismissed. Id. at 16. In opposition, Plaintiff again summarizes the allegations set forth in her FAC and contends that these allegations sufficiently established her FCRA claims. (See Doc. # 37, pg. 2).

In the FAC, Plaintiff admits that she received notice that her account was reinvestigated after she sent her written notice of dispute to Equifax. (See Doc. # 19, ¶¶ 60, 88). However, Plaintiff appears to argue that Capital One's reinvestigation was unreasonable because had Capital One adequately investigated, it would have removed the disputed account "charge off" notifications from her credit report. Id. ¶¶ 62–66, 90–94. In support of her claims, Plaintiff offers only conclusory allegations that Capital One "failed to conduct a reasonable investigation with respect to the disputed information" and "failed to review all relevant information provided by Plaintiff in the dispute. . . ." (See Doc. # 19, ¶¶ 62, 63, 90, 91).

Accordingly, the Court finds that Plaintiff failed to state a claim under the FCRA for failure to reasonably investigate. Plaintiff admitted that her dispute was investigated and offered no factual allegations demonstrating how Capital One failed to conduct a reasonable investigation or review all relevant information. "Plaintiff cannot attempt to impose a further requirement of 'validation' in section 1681s–2(b), above and beyond that of 'reasonable investigation,' where none exists." Berberyan v. Asset Acceptance, LLC, No. CV 12–4417–CAS (PLAx), 2013 WL 1136525, at *5 (C.D. Mar. 18, 2013) (dismissing FCRA claim that the furnisher failed to reasonably investigate where the plaintiff "fail[ed] to offer any factual allegations supporting her contention that defendant's investigation of her disputed account was unreasonable"); see also Mestayer v. Experian Information Solutions, Inc., Case Nos. 15–cv–3645–EMC; 15–cv–3650–EMC, 2016 WL 631980, at *4 (N.D. Cal. Feb. 17, 2016) (dismissing FCRA claim that the furnisher failed to reasonably investigate the disputed account information where the plaintiff alleged the furnisher had failed to review relevant information rendering its investigation unreasonable but offered no factual allegations in support thereof). "Plaintiff must allege at least some facts that could support a plausible claim that defendant acted unreasonably in carrying out its investigation." Berberyan, 2013 WL 1136525, at *5. Because Plaintiff failed to do so, these claims must be dismissed as well.

In sum, because Plaintiff did not sufficiently allege that Capital One reported inaccurate or incomplete information and did not allege facts to substantiate her contention that Capital One failed to reasonably investigate the disputed account information, Plaintiff failed to state a claim for relief under the FCRA, and Plaintiff's FCRA claims are dismissed.

B. CCRAA Claims

The FCRA preempts state law claims "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F)(ii); see also Mestayer, 2016 WL 631980, at *4. However, this preemption does not apply to California Civil Code § 1785.25(a), thus a plaintiff may assert a CCRAA claim against a furnisher under that section. 15 U.S.C. § 1681t(b)(1)(F)(ii). Section 1785.25(a) prohibits

a person from "furnish[ing] information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." CAL. CIV. CODE § 1785.25(a).

Plaintiff's FAC alleges that Capital One violated the CCRAA by: (1) furnishing information to a CRA when Capital One knew or should have known the reported information was incomplete or inaccurate in violation of Cal. Civ. Code 1785.25(a), and (2) failing to adjust Plaintiff's account information after receiving notice that Plaintiff disputed the information. (Doc. # 19, ¶¶ 54, 82, 118). Although Plaintiff does not specify, Plaintiff's second claim appears to allege a violation of California Civil Code § 1785.25(b).[2] Capital One argues that Plaintiff's CCRAA claims should be dismissed because they are either insufficiently alleged or preempted by the FCRA. In opposition, Plaintiff reiterates the allegations set forth in her FAC and contends that these allegations sufficiently state her claims. (Doc. # 37, pg. 2). Plaintiff makes no argument specific to her CCRAA claims and offers no authority in support of her CCRAA claims.

Here, too, Plaintiff has failed to sufficiently state a claim under the CCRAA. To the extent that Plaintiff asserts CCRAA claims against Capital One based on Capital One's alleged failure to "adjust Plaintiff's accounts" after receiving notice that Plaintiff disputed the reported account information, Plaintiff's claims are preempted by the FCRA and dismissed with prejudice. See Harrold v. Experian Info. Solutions, Inc., No. C 12–2987 WHA, 2012 WL 4097708, at *3 (N.D. Cal. Sept. 17, 2012) (dismissing with prejudice

---

[2] Section 1785.25(b) of the California Civil Code states:

> A person who (1) in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the person's own transactions or experiences with one or more consumers and (2) determines that information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate, shall promptly notify the consumer credit reporting agency of that determination and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate.

section 1785.25(b) claim as preempted by the FCRA). Plaintiff also failed to sufficiently allege a claim under § 1785.25(a) of the CCRAA. "Because the CCRAA's requirements of completeness and accuracy mirror those found in the FCRA, judicial interpretations of the federal provisions are 'persuasive authority and entitled to substantial weight when interpreting the California provisions.'" Montgomery v. Wells Fargo Bank, No. C12–3895 TEH, 2012 WL 5497950, at *3 (N.D. Cal. Nov. 13, 2012). As explained above, Plaintiff failed to allege sufficient facts and dates showing that Capital One reported inaccurate information. The Court adopts the same reasoning with regards to Plaintiff's CCRAA claims and dismisses Plaintiff's § 1785.25(a) claims with leave to amend.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Capital One's motion to dismiss Plaintiff's FAC is **GRANTED**. Plaintiff's CCRAA claims based on the premise that Capital One failed to adjust Plaintiff's accounts after Plaintiff disputed the accuracy of the reported information are **DISMISSED WITH PREJUDICE**. Otherwise, Plaintiff's claims are **DISMISSED WITH LEAVE TO AMEND** within 30 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: September 21, 2016

JOHN A. HOUSTON
United States District Judge